IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | |
| Brian Heckel, Individually and as the special administrator for the purposes of this lawsuit on behalf of Sharon Heckel,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br><br>3M Company, *a corporation*;<br>CBS Corporation, *a corporation;*<br>General Electric Company, *a corporation*;<br>Metropolitan Life Insurance Company, *a corporation*;<br>Owens-Illinois Inc., *a corporation*;<br>Weyerhaeuser Company, *a corporation*;<br><br>and<br><br>The Attorney General for the State of Wisconsin (*as a third-party defendant*),<br><br>　　　　　　　　　　　　Defendants. | Case No. 13-cv-459 |

**Complaint**
_____

Now comes the plaintiff, Brian Heckel, Individually and as the special administrator for the purposes of this lawsuit on behalf of Sharon Heckel(deceased), by and through his attorneys, Cascino Vaughan Law Offices, Ltd., and complains against the above defendants as follows:

**JURISDICTION AND PARTIES**

1. **Plaintiff Brian Heckel** is the son of decedent Sharon Heckel, and is an adult citizen and resident of Wisconsin and currently resides in Marshfield, Wisconsin, and brings this lawsuit

as special administrator on behalf of the decedent.

2. **Decedent Sharon Heckel** developed and was diagnosed with lung cancer on January 23, 2012, and subsequently died on August 17, 2012. Prior to her death, decedent was an adult citizen and resident of Marshfield, Wisconsin.

3. **Defendant 3M Corporation** manufactured and sold paper masks that were represented to prevent users from breathing asbestos dust, but did not protect the users from inhaling asbestos fibers.

4. **Defendant CBS Corporation** is responsible for the conduct of Westinghouse Electric Corporation. Westinghouse manufactured and designed asbestos containing equipment including, without limitation, steam generating equipment, turbines, generators, wire, motors, cranes, and electrical switchgear. Westinghouse also erected and maintained steam generation equipment.

5. **Defendant General Electric Company** manufactured and designed steam generation equipment including without limitation turbines, erected and maintained steam generation equipment and manufactured, designed and/or sold asbestos containing electrical equipment, including without limitation asbestos containing wires, cables, switching gear, motors, and ballasts, and sold and installed asbestos materials.

6. **Defendant Metropolitan Life Insurance Company** conspired and acted to suppress information about the health hazards of asbestos from both individual end-users and industry.

7. **Defendant Owens-Illinois Inc.** entered into an agreement with Weyerhaeuser in which Owens-Illinois, Inc. provided the license to Weyerhaeuser to use Owens-Illinois, Inc.'s asbestos containing formulas through at least 1961 and likely for a much longer period. In addition, Owens-Illinois, Inc. licensed, manufactured, sold, and designed asbestos products,

including without limitation fireproof door cores, pipe insulation, and block insulation.

8. **Defendant Weyerhaeuser Company** was the owner or operator, or is responsible for the conduct of a previous owner or operator, of the Weyerhaeuser Plant in Marshfield, Wisconsin (f/k/a Roddis Lumber and Veneer Company), where asbestos products were used. Weyerhaeuser Company also polluted the town of Marshfield, Wisconsin with asbestos-containing materials and asbestos fibers emanating from asbestos-containing materials used at the plant, thereby exposing the citizens of Marshfield to these asbestos fibers. These exposures occurred outside the plant in part because Weyerhaeuser would haul asbestos through the community in trucks and dump asbestos on property outside of the Weyerhaeuser Plant and throughout the town. Asbestos would fall out of these trucks that ran through the town when being dumped.

9. **Third-Party Defendant the Attorney General for the State of Wisconsin** is included in this lawsuit to be notified that Plaintiff, by this complaint, challenges the constitutionality of certain Wisconsin State Statutes and Laws, or the application thereof, or both. ( *See* Plaintiff's Count VIII: Declaratory Judgment.)

10. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Wisconsin (with the exception of the Attorney General for the State of Wisconsin). Please refer to the attached Exhibit A for the states of incorporation and principal place of business of each defendant.

11. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

12. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

13. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

14. Decedent worked as a laborer at the Weyerhaeuser Plant in Marshfield, Wisconsin from 1970 through 1999. During the course of her employment, she was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, mined, installed or otherwise placed into commerce by defendants.

15. Decedent was exposed to asbestos fibers used at Weyerhaeuser in the plant and outside the plant. Defendant Owens-Illinois supplied the asbestos products during a period of time. Defendant Owens-Illinois also licensed its formula to Weyerhaeuser to use.

16. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by those working with or near asbestos products.

17. Decedent became aware of her asbestos-related conditions and that said conditions were caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

18. As a direct and proximate result of the conduct of the defendants, the decedent was diagnosed with lung cancer on January 23, 2012. Decedent subsequently died on August 17, 2012.

19. Decedent suffered great pain, physical impairment, and great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to her personal property and possessions.

## COUNT I - PRODUCT LIABILITY - NEGLIGENCE

20. Plaintiff brings this count for negligence and incorporates by reference all general allegations against all defendants *except* Weyerhaeuser Company and The Attorney General for the State of Wisconsin:

    a. 3M Corporation;

    b. CBS Corporation;

    c. General Electric Company;

    d. Metropolitan Life Insurance Company; and

    e. Owens-Illinois Inc.

21. It was reasonably foreseeable that Decedent and other workers would be working with or in the proximity of defendants' asbestos products and be exposed to airborne asbestos fibers.

22. Defendants had a duty to exercise reasonable care for the safety of the decedent and others who worked with or were exposed to the defendants' asbestos products.

23. Defendants knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and death and that the decedent did not know that asbestos products were dangerous or harmful at the time of their exposures.

24. Each defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a.  Failed to adequately warn the decedent or others of the health hazards of asbestos;

    b.  Failed to warn the decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    c.  Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    d.  Failed to instruct the decedent, their employers or others in the use of precautionary

       measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e.   Manufactured, supplied, mined, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

   f.   Defendant 3M manufactured masks that did not protect workers from being exposed to asbestos dust. Defendant 3M was negligent by representing that these masks worked when in fact they did not.

25.   As a direct and proximate result of the acts and omissions of the product defendants above, the decedent was injured as described above.

## COUNT II – PRODUCT LIABILITY - UNREASONABLY DANGEROUS PRODUCT

26.   Plaintiff brings this count and incorporates by reference all above allegations in lines 1 - 25 against all defendants *except* Weyerhaeuser Company and The Attorney General for the State of Wisconsin:

      a. 3M Corporation;

      b. CBS Corporation;

      c. General Electric Company;

      d. Metropolitan Life Insurance Company; and

      e. Owens-Illinois Inc.

27.   The defendants' above-described asbestos products were licensed, manufactured, supplied, and installed in an unreasonably dangerous condition presenting dangers to the life and health of the ultimate users thereof and to persons in the position of the decedent.

28.   At all relevant times, the defendants placed their asbestos products on the market knowing that they would be used without inspection for such unreasonably dangerous defects and defendants expected such asbestos products to reach the decedent and other users and consumers without substantial change in the condition they were in when sold.

29. Decedent removed, installed, used and/or handled, or was otherwise exposed to, the supplying defendants' asbestos products in the conditions in which they left the possession or control of such defendants and in a manner that was reasonably foreseeable and/or anticipated by such defendants.

30. Defendants manufactured, supplied or installed a product or equipment that was unreasonably dangerous in nature in that it contained asbestos and in particular:

    a. Was not accompanied by an adequate warning relating to the health hazards of asbestos products;

    b. Was not accompanied by instructions concerning precautionary measures to be taken to minimize the risk of health hazards associated with asbestos products;

    c. Was not subjected to adequate investigation regarding its hazards to health; and

    d. Was improperly designed with, or specified for, the use of asbestos as opposed to non-asbestos substitutes.

31. Decedent's exposure to the unreasonably dangerous products manufactured, supplied and installed by the defendants proximately caused injuries set forth above.

## **COUNT III - NEGLIGENCE - PREMISES OWNER**

32. Plaintiff brings this count for negligence against defendant Weyerhaeuser Company.

33. Plaintiff restates and re-alleges the allegations above.

34. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of the decedent's exposures.

35. Decedent Sharon Heckel, when outside the Weyerhaeuser plant, was exposed to asbestos from the Weyerhaeuser plant, on clothes, in the air, and in the car. She was exposed to asbestos throughout the town of Marshfield, Wisconsin.

36. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers

to be released and contaminate the air. These exposures occurred throughout the community surrounding the plant and in areas where Weyerhaeuser dumped asbestos in the community.

37. The exposures claimed herein are not related to any employment relationship with defendant Weyerhaeuser.

38. It was reasonably foreseeable that decedent would be exposed to Weyerhaeuser's asbestos fibers.

39. Defendant had a duty to exercise reasonable care for the safety of the decedent from asbestos fibers from the Weyerhaeuser plant which would foreseeably be brought into the community, community air, the family's home, and the family's automobile.

40. Defendant knew or in the exercise of ordinary or reasonable care ought to have known asbestos causes disease and or death.

41. Decedent did not know that asbestos products or asbestos was so dangerous or harmful at the time of her exposures.

42. Defendant breached its duty of care and was negligent, including without limitation in one or more of the following acts or omissions:

    a. Failed to adequately warn decedent or others of the health hazards of asbestos;

    b. Failed to adequately investigate health effects of asbestos;

    c. Failed to adequately test for air levels for asbestos;

    d. Failed to adequately instruct decedent or others in the use of precautionary measures relating to airborne asbestos fibers;

    e. Used defectively designed asbestos-containing products or asbestos-insulated equipment which did not protect against or prevent the release of asbestos fibers when substitutes were available;

    f. Failed to use proper engineering techniques or methods, or used unsafe techniques or methods, in handling, processing, and disposal of asbestos containing materials.

  g. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

  h. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

  i. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

  j. Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists; and

  k. Failed to take corrective action after being put on notice of the above violations.

43. The violation of administrative regulations constitutes negligence per se and shifts the burden of proof against the defendant.

44. As a direct and proximate result of the acts and omissions from the premises defendant above, decedent was injured as described above.

## COUNT IV - NUISANCE

45. Plaintiff brings this count for nuisance against defendant Weyerhaeuser Company.

46. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 44 above.

47. Weyerhaeuser Company is responsible for the ownership and operation of the Weyerhaeuser plant during the period of decedent's exposures.

48. Weyerhaeuser Company, during operations of the Weyerhaeuser plant, caused asbestos fibers to be released into and contaminate the public air in, at, and around the Weyerhaeuser plant and to be brought home by employees of the plant. The exposures came from within the Weyerhaeuser plant and outside the plant in the ambient air or when Weyerhaeuser dumped

asbestos throughout the community.

49. Weyerhaeuser Company during operations of the Weyerhaeuser plant caused asbestos fibers to be released into the public air in other areas more distant from the plant by transport through various means, including without limitation contaminated worker clothing and vehicles and trucks hauling asbestos waste materials.

50. Breathing uncontaminated public air is a public right.

51. The release and transport of asbestos fibers as described above caused contamination of housing, vehicles, and other places frequented by decedent which contained public air.

52. Decedent and others inhaled the contaminated public air in the community surrounding the plant, the family home, family vehicles, and in other places frequented by decedent.

53. The inhalation of asbestos fibers from contaminated public air in the community surrounding the plant, family home, family vehicles, and other places frequented by decedent was unrelated to any employment relationship with defendant.

54. The inhalation of asbestos fibers is a health hazard.

55. The release of asbestos fibers into the public air interfered with and endangered the use of public places, the right to breath the public air, the use of residences and vehicles, and other activities of the entire community in one or more of the following ways:

   a. Violated agency regulations issued pursuant to the United States Occupational Safety and Health Act, 29 U.S.C. §651, et seq. as set forth in citations issued by OSHA dated December 18, 1973;

   b. Violated other agency regulations, including without limitation the United States Environmental Protection Agency National Emission Standards for Hazardous Air Pollutants, originally published at 36 Fed. Reg. 3951, March 31, 1971;

   c. Violated regulations issued by the Wisconsin Industrial Commission, including without limitation General Orders on Dusts, Fumes, Vapors and Gases, Order 2002; and Wis. Adm. Code Ind 12.20;

    d.    Exceeded other air quality standards or guidelines, including without limitation the Threshold Limit Values of the American Conference of Governmental Industrial Hygienists;

    e.    Adversely affected the health interests of the community at large; and

    f.    Interfered with the public health and safety.

56.    As a direct and proximate result of the nuisance, decedent was injured as described above.

57.    The violation of regulations constitutes negligence per se and shifts the burden of proof against defendant Weyerhaeuser.

## COUNT V – CONSPIRACY

58.    Plaintiff brings this cause of action for civil conspiracy against defendant Metropolitan Life Insurance Company.

59.    Plaintiff restates and re-alleges the allegations set forth in paragraphs 1 - 57 above.

60.    Defendant Metropolitan Life and other co-conspirators including Johns Manville and Owens-Illinois, Inc. knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

    a.    Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

    b.    Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

61.    One or more of the conspirators, including Metropolitan Life, performed the following tortious acts in furtherance of the conspiracy: Failed to warn about health hazards of asbestos; failed to investigate health hazards of asbestos; interfered with scientific and medical studies about the health hazards of asbestos; or failed to instruct about precautionary

measures required for protection.

62. As a direct and proximate result of the acts of the conspiracy described above, decedent was injured as described above.

## COUNT VI – WRONGFUL DEATH AND LOSS OF CONSORTIUM

63. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 - 62 above.

64. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and Plaintiff.

## COUNT VII – PUNITIVE DAMAGES

65. Defendants acted maliciously, with intentional disregard for the rights, health, and safety of decedent which plaintiff is entitled to recover punitive damages.

## COUNT VIII – DECLARATORY JUDGMENT

66. Defendants' conduct alleged herein occurred many years before certain changes in the Wisconsin Statutes affecting the law of joint and several liability, as set forth in §§895.045(1) and 895.85, Wis. Stats., were enacted as part of so-called "tort reform" in 1995.

67. Retroactive application of the 1995 legislation purporting to apply to the new versions of §§895.045(1) and 895.86, Wis. Stats, to defendants' tortious acts, which occurred many years before the effective date of such legislation, merely because this lawsuit was filed after the effective date of such legislation, would materially and adversely affect the interests of Plaintiff in this matter.

68. Retroactive application of the current versions of §§895.045(1) and 895.85, Wis. Stats., to the facts of this case would be unreasonable and unconstitutional, in violation of Article I, §10 and the Fifth and Fourteenth Amendments of the Constitution of the United States, and in violation of Article IV, §17(2) of the Constitution of the State of Wisconsin, and contrary to the Supreme Court of Wisconsin's ruling in <u>Martin v. Richards</u>, 192 Wis. 2d 156, (Docket #91-0016, 1995)

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief as follows:

a. Judgment against defendants, jointly and severally, for compensatory and general damages.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

### JURY TRIAL DEMAND

Plaintiff hereby demand a trial by a jury of 6.

Dated: June 28, 2013

/S/ Michael P. Cascino
Michael P. Cascino
Attorney for Plaintiff

Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607
Phone: 312.944.0600
Fax: 312.944.1870
Email1: mcascino@cvlo.com
Email2: ecf.cvlo@gmail.com