IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
-------------------------------------------------  x
IN RE:  ASBESTOS PRODUCTS                          :        CIVIL ACTION NO. MDL 875
LIABILITY LITIGATION (NO. VI)                      :
-------------------------------------------------  x
This Document Relates to:                          :
-------------------------------------------------  x
UNITED STATES DISTRICT                             :
COURT FOR THE WESTERN DISTRICT                     :
OF WISCONSIN                                        :
-------------------------------------------------  x
BRIAN HECKEL, Individually and as the              :
Special Administrator for the purposes of          :
this lawsuit on behalf of SHARON                   :
HECKEL,                                            :
                                                   :
            Plaintiff,                             :        Case No. 3:13-cv-459
                                                   :
     v.                                            :
                                                   :
3M COMPANY, et al.,                                :
                                                   :
            Defendants.                            :
-------------------------------------------------  x
```

OWENS-ILLINOIS, INC.'S
ENTRY OF APPEARANCE, SHORT FORM ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT

In accordance with the Order for Pleadings in Cases Which Contain Asbestos-Related Personal Injury Claims in the Federal District Court for the Eastern District of Pennsylvania, *In Re: Asbestos Litigation*, Misc. Docket No. 86-0457 (E.D. Pa. Aug. 20, 1986), and Pretrial Order No. 1, *In Re: Asbestos Products Liability Litigation (No. VI)*, No. MDL 857 (E.D. Pa. Sept. 18, 1991), as amended, this document serves as an Entry of Appearance and Answer to Plaintiff's Complaint, and all allegations contained in or incorporated in Plaintiff's Complaint and

crossclaims are deemed denied.  This document also serves to incorporate by reference the Asbestos Defendants' Master Affirmative Defenses, including any amendments and supplements thereto.

Additionally, the following affirmative defenses are asserted on behalf of Defendant Owens-Illinois, Inc.

1.      Further answering the Complaint and as a first affirmative defense, allege that each and every claim asserted therein fails to state a claim upon which relief can be granted.

2.      Further answering the Complaint and as a second affirmative defense, allege that the Plaintiff's decedent was contributorily negligent at all times and places alleged.

3.      Further answering the Complaint and as a third affirmative defense, allege that the Plaintiff has failed to join necessary parties pursuant to § 803.03, Stats.

4.      Further answering the Complaint and as a fourth affirmative defense, allege that the Plaintiff has failed to mitigate her damages.

5.      Further answering the Complaint and as a fifth affirmative defense, allege that the Plaintiff's claims as set forth in her Complaint are barred by the applicable Statute of Limitations, Statute of Repose, and/or Doctrine of Laches.

6.      Further answering the Complaint and as a sixth affirmative defense, allege that any injuries or damages alleged to have been sustained by the Plaintiff's decedent were caused by the negligence of Plaintiff's decedent or the negligence

and/or products of others, including, but not limited to his employers, independent contractors, unions, government agencies, Co-Defendants, their officers, agents, representatives and/or employees and others, whether such negligence is superseding, intervening or otherwise.

7.    Further answering the Complaint and as a seventh affirmative defense, allege upon information and belief that if the Plaintiff's decedent was ever exposed to, used or came into contact with any asbestos-containing products, manufactured, sold or distributed by Owens-Illinois, Inc., such exposure, use or contact was *de minimis* and of such character and extent as to be totally and legally insignificant and non-causal.

8.    Further answering the Complaint and as an eighth affirmative defense, allege that the claims of the Plaintiff should be barred upon the grounds of public policy because the alleged injuries and damages are too remote and wholly out of proportion to any alleged negligence on the part of Owens-Illinois, Inc.

9.    Further answering the Complaint and as a ninth affirmative defense, allege that with respect to the manufacture, sale or distribution of asbestos-containing products by Owens-Illinois, Inc., at the time or times which activities occurred, were, upon information and belief, made in full compliance and conformity with then applicable industry and governmental standards in work, upon information and belief, reasonably safe, given the state of the art, specifically with regard to available medical information and further, that upon information and belief, the instructions and warnings provided in conjunction with the product

- 3 -

manufactured, sold or distributed by Owens-Illinois, Inc., were then and from time to time in strict compliance with the standards, rules and regulations of the state of the art pertaining to asbestos-containing products.

10. Further answering the Complaint and as a tenth affirmative defense, allege that the Plaintiff's decedent's injuries, if found, may have been caused in whole or in part, by others' abuse, misuse and modification of alleged asbestos-containing products.

11. Further answering the Complaint and as an eleventh affirmative defense, allege that the Plaintiff's claim for punitive damages are not permitted under Wisconsin law, is unconstitutional and/or may be subject to statutory limits.

12. Further answering the Complaint and as a twelfth affirmative defense, allege upon information and belief, that workers' compensation payments have been or will be made to Plaintiff's decedent; that pursuant to § 102.29, Stats., the employer's worker's compensation carrier is entitled to recover its statutory share of any settlement or judgment Plaintiff obtains in this action, if any; if it is found that this Defendant is liable to Plaintiff and that the employer(s) was causally negligent with respect to the worker's claimed injuries and damages, then the carrier or employer may recover from the Defendants sums to compensate for the negligence of the employer, which recovery is contrary to public policy and violates this Defendant's rights to due process and equal protection under the Constitution of the United States and the Constitution of the State of Wisconsin; and if this Defendant is found liable to Plaintiff's decedent's employers found to be causally negligent,

then this Defendant is entitled to a credit against the Plaintiff's judgment determined by subtracting from the total judgment the percentage equal to the percentage of negligence assessed against the employer.

13.     Further answering the Complaint and as a thirteenth affirmative defense, allege that the Plaintiff's Complaint fails for lack of personal jurisdiction over the Defendant, insufficiency of process and/or insufficiency of service of process.

14.     Further answering the Complaint and as a fourteenth affirmative defense, allege that the Plaintiff has improperly joined separate claims.

15.     Further answering the Complaint and as a fifteenth affirmative defense, allege that Owens-Illinois, Inc. did not mine, manufacture, distribute, produce, market or disseminate, or in any other way deal in those products with which the Plaintiff's decedent came into contact.

16.     Further answering the Complaint and as a sixteenth affirmative defense, allege that the Plaintiff's claims are barred by contract, release and accord and satisfaction.

17.     Further answering the Complaint and as a seventeenth defense, allege that the Plaintiff's claims are barred by the sophisticated user doctrine as set forth in *Haase v. Badger Mining Corporation*, 266 Wis. 2d 970, 669 N.W.2d 737 (Wis. App. Ct. 2003).

18.     Further answering the Complaint, Owens-Illinois, Inc. reserves the right to add additional affirmative defenses as may be discovered during the discovery and this action.

Dated:  August 9, 2013                      Respectfully submitted,


                                    By:   /s/ Brian O. Watson
                                          Matthew J. Fischer
                                          Edward Casmere
                                          Brian O. Watson
                                          Schiff Hardin LLP
                                          233 South Wacker Drive
                                          Chicago, Illinois  60606
                                          (312) 258-5500
                                          (312) 258-5600 (*facsimile*)

                                          *Attorney for Defendant*
                                          *Owens-Illinois, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 9, 2013, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

23004-3583

CH2\13237082.1

- 7 -