IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BRIAN HECKEL, individually and
as special administrator for the purposes
of this lawsuit on behalf of Sharon Heckel,

                      Plaintiff,                  OPINION AND ORDER

    v.

                                                13-cv-459-wmc

3M COMPANY, CBS CORP., GENERAL
ELECTRIC CO., METROPOLITAN LIFE
INSURANCE COMPANY, OWENS-ILLINOIS
INC., and WEYERHAEUSER COMPANY,

                      Defendants.

---

Before the court is defendant Weyerhauser Company's motion for summary judgment, seeking dismissal of plaintiff Brian Heckel's complaint on the basis that: (1) he was not the special administrator of his mother Sharon Heckel's estate at the time the case was filed, and therefore lacks standing to pursue any survival claims; and (2) Heckel failed to join his two sisters as necessary parties to the wrongful death claim. (Dkt. #34.) Defendant Owens-Illinois, Inc. and 3M Company subsequently filed motions joining in Weyerhaeuser's motion. (Dkt. ##36, 52.) For the reasons that follow, the court will deny defendants' motion in both respects.

UNDISPUTED FACTS[1]

Sharon Heckel was diagnosed with lung cancer on January 23, 2012, and passed away on August 17, 2012. On June 28, 2013, her son, Brian Heckel, brought this complaint "individually and as the special administrator for the purpose of this lawsuit on behalf of Sharon Heckel." (Compl. (dkt. #1).) The complaint seeks damages against Weyerhaeuser for wrongful death and other damages suffered by Sharon Heckel.

While this case was pending before the MDL court, defendant sought discovery evidencing plaintiff's appointment as a special administrator of his mother's estate. Plaintiff failed to respond to those discovery requests, and discovery closed in the MDL case on April 14, 2014. Defendant Weyerhaeuser filed a motion for summary judgment in the MDL case on July 31, 2014. When the case was transferred back to this court, Judge Robreno dismissed all pending motions, including Weyerhaeuser's motion for summary judgment, with leave to refile in this court after remand.

On September 9, 2014, Heckel was appointed as a special administrator "[t]o prosecute an action on behalf of the estate of Sharon Heckel currently pending in U.S.

---

[1] The parties failed to submit proposed findings of facts and responses as required by this court's guidelines on motions for summary judgment. Given that the facts necessary to decide this motion are straight-forward and undisputed, the court will nonetheless take up this motion. Accordingly, the court finds the following facts material and undisputed, unless otherwise noted. At the same time, no party should expect the court to adopt this practice going forward. On the contrary, similar failures to comply with the court's well-established procedures, previously disseminated to the parties in this case, will likely result in summary denials.

District Court for the Western District of Wisconsin, Case No. 13-cv-459."  (Pl.'s Opp'n, Ex. 4 (dkt. #43-4) p.2.)[2]

OPINION

Defendants contend, and plaintiff does not dispute, that he is pursuing both survival and wrongful death claims.  Under Wisconsin law, these are distinct claims.  A survival claim, codified under Wis. Stat. § 895.01, is "brought to recover damages suffered by the decedent prior to death."  *Day v. Allstate Indem. Co.*, 2011 WI 24, ¶ 61, 332 Wis. 2d 571, 798 N.W.2d 199.  For these claims, "both the cause of action and the recovery belong to the estate."  *Id.*  In contrast, an action for wrongful death seeks "recovery not for the injury suffered by the deceased, but rather for the loss sustained to the beneficiaries because of the death."  *Id.* at ¶ 62 (internal citation and quotation marks omitted).  Wisconsin Statute § 895.04(1) provides that the proper plaintiff in a wrongful death action is "the personal representative of the deceased person or . . . the person to whom the amount recovered belongs," and subsection 2 sets forth the process for determining the person to whom the amount recovered belongs.  *See also Day*, 2011 WI 24, at ¶ 64.

---

[2] Plaintiff also attaches an "Order for Special Administration," dated the same date and signed by the same circuit court judge, which purports to grant Brian Heckel the "powers and duties of a special administrator in prosecuting an action on behalf of the Estate of Frank Zickert."  (Pl.'s Opp'n, Ex. 4 (dkt. #43-4) p.1.)  The court assumes that this order was entered in error, and is an example of the carelessness with which plaintiff's counsel has prosecuted these lawsuits to date.

Here, defendant Weyerhaeuser moves to dismiss plaintiff's survival claims because (1) his wrongful death claims fail to include all necessary parties, namely his two sisters who also have a right to any amount recovered, and (2) plaintiff Brian Heckel was not the special administrator at the time the case was filed.  The court will take up each argument in turn.

## I.  Wrongful Death Claim

Weyerhaeuser seeks dismissal of plaintiff's wrongful death claim on the basis that the claim must be brought by either the personal representative or the persons to whom the amount recovered belongs.  *See* Wis. Stat. § 895.04(1).  Heckel is *not* a personal representative, nor has he joined his sisters as other persons to whom the amount recovered belongs.  While defendant cites to cases requiring the consolidation into one action of separate actions brought by individuals who have rights to wrongful death proceeds, *see Truesdill v. Roach*, 11 Wis. 2d 493, 497 (1960), defendant fails to direct the court to any authority requiring dismissal of an action for failure to join other interested person.  Here, there is no dispute that Brian Heckel has a right to any proceeds from *his* wrongful death claim, regardless of whether his sisters also have such a right.  Accordingly, the court will deny that portion of the motion for summary judgment.

## II.  Survival Claims

Weyerhaeuser also seeks to dismiss Heckel's survival action claim on the basis that he was not the special administrator of his mother's estate at the time the action was

filed.  In so moving, defendant primarily relies on *Schilling v. Chicago, N.S. & M.R. Co.*, 245 Wis. 173, 13 N.W.2d 594 (1944), in which the Wisconsin Supreme Court considered whether a personal representative of an estate could be substituted as the plaintiff after the statute of limitations had run.  In answering that question in the negative, the court held that:

> No one had a right to bring this action except the representative of the deceased and no such action was brought within the two-year period. Ragna Marie Schilling had no right to bring the action as an individual, and if she had no right to bring an action it cannot be said that an action was commenced within the period required. The mere fact that under certain conditions she could bring an action for the death of her husband does not mean that an action has been commenced to which the representative can be substituted where no lawful action is pending.

*Id.* at 179, 13 N.W.2d at 596.

*Schilling*, and other cases cited by defendant, primarily concern instances where the subsequent appointment as special administrator must relate back to the original filing date in order for the claim to be timely.  Given that Sharon Heckel passed away less than three years ago, there is no such concern:  any wrongful death claim is timely -- even today, not to mention in September 2014, when Brian Heckel was appointed special administrator to pursue this claim for his mother's estate.  *See* Wis. Stat. § 893.54 (providing that a wrongful death claim must be commenced within three years of death).

In addition to attempting to distinguish *Schilling* and other cases relying on it, plaintiff directs the court to *Hutchinson v. Spink*, 126 F.3d 895, 898-99 (7th Cir. 1997), in which the Seventh Circuit considered whether the plaintiff's appointment as special administrator of her son's estate, which occurred approximately one year after the filing

of the complaint, related back to the date of filing for standing purposes. In considering this question, the court reviewed Wis. Stat. § 865.09(2), which provides in pertinent part:

> The duties and powers of a personal representative appointed under this chapter commence upon the personal representative's appointment. The personal representative's powers relate back in time to acts by the personal representative prior to appointment which are beneficial to the estate.

While the plaintiff in *Hutchinson* -- like the plaintiff here -- was appointed as a special administrator, the Seventh Circuit concluded that it was appropriate to rely on the relate back provision in § 865.09(2) because the order appointing the mother as the special administrator in *Hutchinson* "specifically grants Hutchinson the same powers that a personal representative would have, including the power to bring lawsuits on behalf of the estate and the power to be appointed personal representative." 126 F.3d at 898.

Similar to the facts at issue in *Hutchinson*, Brian Heckel was appointed as a "special administrator" and the appointment happened well after the complaint asserting survival claims was filed. Unlike in *Hutchinson*, however, the order appointing Brian Heckel is much more limited:

You are granted
  ☒ only these specific powers: <u>To prosecute an action on behalf of the estate of Sharon Heckel currently pending in U.S.</u>
  <u>District Court for the Western District of Wisconsin, Case No. 13-CV-459.</u>

  ☐ all the same powers, duties and liabilities as a personal representative.
    ☐ Except: _____

(Pl.'s Opp'n, Ex. 4 (dkt. #43-4) 2.)

This distinction may be critical, since the Seventh Circuit expressly relied on the broad powers in the order appointing the mother as the special administrator in concluding that § 865.09 governed that case:

> Taking into account the language of the order of the Grant County Circuit Court, it appears that Hutchinson's powers as special administrator are as broad as those of a personal representative under § 865.02. This suggests in turn that her actions as special administrator will relate back in the same way as those of a personal representative would under § 865.09(2).

*Hutchinson*, 126 F.3d at 899.

So, where does this leave us?  The thrust of *Schilling* -- that gaining a special administrative position after the running of the applicable statute of limitation -- subsequent action cannot save a claim filed by a plaintiff without standing to sue remains good law, at least absent some specific statutory provision which provides for relation back for statute of limitations purposes.  While the Seventh Circuit in *Hutchinson* found -- at least for purposes of reversing the denial of a motion to proceed *in forma pauperis* -- that Wis. Stat. § 865.09(2) covered a special administrator appointment in light of a very broad grant of powers in that case, Brian Heckel's appointment as a special administrator here was specifically limited to bringing the current suit and in no way is coextensive with the powers of a personal representative.

Even if the court were to grant defendants' motion to dismiss the Estate's survival claim for lack of standing at the time it was filed, that dismissal would be without prejudice.  *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013).  This means nothing will prevent Heckel from simply refiling this same claim now that he

clearly has standing to bring the claim.  Not only would this unnecessarily waste the parties' and this court's resources, it is totally unnecessary because Heckel unquestionably had standing at the inception of this case to pursue the wrongful death claim.  Therefore, this case is properly in this court at least with respect to that claim, allowing the court to amend *sua sponte* Heckel's complaint to allege, now accurately, his status as the special administrator of his mother's estate, and therefore the proper person to pursue survival claims on the estate's behalf.  While the court uses the term "amend," plaintiff need not file an amended pleading since the operative pleading states that he is the special administrator of his mother's estate.  The only difference is that this is now an accurate statement.

ORDER

IT IS ORDERED that:

1) Defendant Weyerhaeuser Company's motion for summary judgment (dkt. #34) is DENIED.

2) Co-defendants Owens-Illinois Inc. and 3M Company's respective motions to join Weyerhaeuser's motion for summary judgment (dkt. ##36, 52) are GRANTED.

Entered this 2nd day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge